IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEON SHIRLEY, et al.,

    Plaintiffs,

vs.

J. TUGGLE, et al.,

    Defendants.

No. CIV S-05-2468 FCD CMK P

2:06-CV-0671 FCD CMK PC

ORDER

    Plaintiffs are twelve state prisoners proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to the undersigned by Local Rule 72-302 by the authority of 28 U.S.C. § 636(b)(1). None of the plaintiffs have requested authority to proceed in forma pauperis.

    This court has determined that each plaintiff should proceed separately on his own claim. The Federal Rules of Civil Procedure provide "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately." Fed. R. Civ. P. 21. Courts have broad discretion regarding severance. See Davis v. Mason County, 927 F.2d 1473, 1479 (9th Cir. 1991).

///

1     In the instant action, plaintiffs are individuals in the custody of the California
2 Department of Corrections, presently confined at Folsom.  In this court's experience, an action
3 brought by multiple inmate plaintiffs proceeding pro se presents procedural problems that cause
4 delay and confusion.  Delay often arises from the frequent transfer of inmates to other facilities or
5 institutions, the changes in address that occur when inmates are released to parole, and the
6 difficulties faced by inmates who attempt to communicate with each other and with
7 unincarcerated individuals.  For instance, in the present action, the first named plaintiff, Deon
8 Shirley, appears to have been paroled.
9     Accordingly, the court will order that plaintiffs' claims be severed.  Plaintiff Deon
10 Shirley will proceed in this action, while plaintiffs Fuller, Wilburt J. Cooper, Darryl Smith,
11 Bernhard, Donte L. Sanders, Gonzales, A.L. Baldon, Walton, Jesse Corona, M. Garcia and Kevin
12 D. Black will proceed in civil actions to be opened by the Clerk of the Court.  Each plaintiff will
13 proceed with his own action and will be solely responsible for his own action.
14     The Clerk of the Court will be directed to assign the new action to the same district
15 judge and magistrate judge assigned to the instant action.  The Clerk of the Court shall make
16 appropriate adjustment in the assignment of civil cases to compensate for this reassignment.
17     Plaintiff Deon Shirley has filed a request for leave to proceed in form pauperis;
18 however, none of the eleven other plaintiffs have filed a request for leave to proceed in forma
19 pauperis.  However, as the claims will be severed, each plaintiff will be given thirty days to file,
20 in his own action, an amended complaint and a new application for leave to proceed in forma
21 pauperis, using the forms provided by the court with this order.  Each plaintiff is cautioned that if
22 his action proceeds further it is probable that each plaintiff will incur a liability in the amount of
23 the $250.00 filing fee, which amount will be collected from his prison trust account.[1]  See 28
24 U.S.C. § 1915(b).

---

[1] See  Information to Prisoners Seeking Leave to Proceed with a Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915.

In accordance with the above, IT IS ORDERED that:

1. The claims of plaintiffs Fuller, Wilburt J. Cooper, Darryl Smith, Bernhard, Donte L. Sanders, Gonzales, A.L. Baldon, Walton, Jesse Corona, M. Garcia and Kevin D. Black are severed from the claims of plaintiff Deon Shirley;

2. Plaintiff Deon Shirley shall proceed as the sole plaintiff in case No. CIV S-05-2468;

3. The Clerk of the Court is directed to:

    a. Open separate civil actions for plaintiffs Fuller, Wilburt J. Cooper, Darryl Smith, Bernhard, Donte L. Sanders, Gonzales, A.L. Baldon, Walton, Jesse Corona, M. Garcia and Kevin D. Black;

    b. Assign the new actions to the district judge and magistrate judge to whom the instant case is assigned and make appropriate adjustment in the assignment of civil cases to compensate for such assignments;

    c. File and docket a copy of this order in the files opened for plaintiffs Fuller, Wilburt J. Cooper, Darryl Smith, Bernhard, Donte L. Sanders, Gonzales, A.L. Baldon, Walton, Jesse Corona, M. Garcia and Kevin D. Black ;

    d. Place a copy of the complaint filed December 06, 2005 in the files opened for plaintiffs Fuller, Wilburt J. Cooper, Darryl Smith, Bernhard, Donte L. Sanders, Gonzales, A.L. Baldon, Walton, Jesse Corona, M. Garcia and Kevin D. Black ;

    e. Strike from the caption of each plaintiff's complaint the name of the other plaintiffs;

    f. Send each plaintiff an endorsed copy of his complaint bearing the amended caption and the case number assigned to his own individual action;

4. Each plaintiff's complaint is dismissed;

5. The Clerk of the Court is directed to send each plaintiff a new form for filing a

civil rights action under 42 U.S.C. § 1983 and a new Application to Proceed In Forma Pauperis By a Prisoner; and

      6.  Each plaintiff is granted thirty days from the date of service of this order to file an amended complaint and a new application to proceed in forma pauperis, using the forms provided by the court with this order.  Each plaintiff's documents must bear the docket number assigned to his own individual case, and each complaint must be labeled "Amended Complaint."  Each plaintiff must file an original and two copies of his amended complaint.  Failure to file an amended complaint or a new application to proceed in forma pauperis in accordance with this order will result in a recommendation that the plaintiff's action be dismissed.

DATED:  March 28, 2006.

                                            **CRAIG M. KELLISON**
                                            UNITED STATES MAGISTRATE JUDGE